LEVY et al. v. ROSENSTEIN et al.

(Supreme Court, Special Term, New York County. June, 1900.)

1. INJUNCTION—EVIDENCE TO AUTHORIZE.

Where the complaint and moving papers on which a temporary injunction was granted, restraining defendants from certain disorderly acts, though not made on information and belief, contain allegations which could not have been within the affiants' knowledge, and defendants answered, denying the acts enjoined, and submitted many affidavits, by persons in a position to know, denying in detail the commission of the acts complained of by any of the defendants, the temporary injunction will not be continued, since on similar evidence at the trial the complaint would be dismissed.

2. SAME—PICKETING.

Where the moving papers for an injunction charged some of the defendants with loitering round the street and sidewalk in front of plaintiffs' premise, and with picketing or patrolling such premises, an injunction to restrain such acts will not be granted; the acts being not unlawful if unaccompanied by disorderly conduct.

3. SAME—PAYMENTS TO STRIKERS.

Where temporary injunction was granted, restraining defendants from paying or offering to pay any former employé of the plaintiffs any money to induce such person not to enter plaintiffs' employ, or for the purpose of combined action to prevent plaintiffs from continuing in business, and answering affidavits denied making the payments for any such purpose, but admitted making the payments to help plaintiffs' employés in their strike, the injunction will not be continued, since such payment is not unlawful.

Action by Levy and others against Rosenstein and others. Motion to continue temporary injunction. Denied.

Einstein & Townsend, for plaintiff.

Vernon M. Davis, for defendant.

ANDREWS, J. This is a motion to continue an injunction heretofore obtained by plaintiffs, restraining the defendants from doing certain acts until the trial of the action. Among the matters complained of in the complaint and affidavits upon which the injunction was granted, and which are restrained by such injunction, are the following: Insulting, annoying, accosting, threatening, waylaying, and following the plaintiffs and their employés, hands, and workers, and persons seeking employment of the plaintiffs, on the streets and sidewalks in front of, adjacent to, and at the houses of the plaintiffs, their employés and workers. All the above acts were clearly unlawful, and the papers submitted to the learned judge who granted the order fully justified the making of it. Upon this motion, however, to continue the injunction, an entirely different situation is presented. The defendants have served an answer which denies the doing of any of the acts above mentioned, and they have also submitted a great number of affidavits which deny that the defendants, or any of them, have done any of the acts above charged; and these affidavits are of such a character that the evidence furnished by them greatly outweighs that furnished by the affidavits submitted on behalf of plaintiffs. The injunction was granted upon a very long and elaborate affidavit made by plaintiff, and upon some brief affidavits made by a few other persons as to some minor mat-

ters. The affidavit of the plaintiff, assuming that all the allegations contained in it were true, undoubtedly made out a complete case for the granting of an injunction to restrain the doing of the acts above mentioned. This affidavit, however, for the most part, is not made upon information and belief, but purports to be made of plaintiff's own knowledge, and it is evident that he has sworn to a great number of matters and things of which he could not by any possibility have had personal knowledge. On the other hand, the affidavits submitted on behalf of the defendants are made by persons who were in a position to have, and apparently do have, personal knowledge of the various matters concerning which their affidavits are made. These affidavits deny in great detail the charges made in the complaint and moving affidavits, that the defendants have been guilty of the acts above enumerated. If the action were on trial, and the evidence as to the doing of the acts above mentioned were the same as that presented on this motion, the court would undoubtedly dismiss the complaint, and for this reason I am constrained to deny the motion to continue the injunction restraining the defendants from doing the unlawful acts above enumerated. The complaint and affidavits also charge the defendants, or some of them, with loitering around, about. or standing in and upon the street and sidewalk in front of the premises Nos. 423 and 425 East Sixty-Third street, and also with picketing and patrolling about the plaintiffs' premises. These charges are also denied in the answering affidavits. But, even if the charges were true, they would not be unlawful acts, or ground for an injunction, unless such loitering, patrolling, and picketing were accompanied by some of the unlawful acts above mentioned, or other acts of a similar character. The injunction which was granted also restrained the defendants from paying any person any sum of money for picketing, patrolling, and loitering about plaintiffs' premises, and also from paying, or offering or promising to pay to any former employé of the plaintiffs any sum of money for the purpose of inducing such person or persons to refuse to enter plaintiffs' employ, and from promising to pay to any former employé of the plaintiffs any sum of money for the purpose of continuing organized, concerted, and combined action on the part of said former employés of plaintiffs, with the object and purpose of interfering with and preventing plaintiffs from carrying on their business. The answering affidavits deny that any such payments were made for the purpose of continuing organized, concerted, and combined action on the part of said former employés of plaintiffs, with the object and purpose of interfering with and preventing the plaintiffs from carrying on their business. But they admit that such payments had been made for the purpose of assisting the employés of the plaintiffs in making their strike a success. I am of the opinion from the evidence that the object of making such payments was not to interfere with plaintiffs' business, but to assist the strikers by helping to support them during this strike, and I do not think that such payments for that purpose are unlawful.

It follows from the above views that the application to continue the injunction must be wholly denied, with $10 costs.